# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2011

No. 10-11107
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: PLACID OIL COMPANY,

Debtor

-------------------------------------------------------------------

SHELTON PROPERTY RURAL ACREAGE, L.L.C.,

Appellant,

v.

PLACID OIL CO.,

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-862

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Shelton Property Rural Acreage, L.L.C. ("Shelton")

brought suit against Defendant-Appellee Placid Oil Company ("Placid"), alleging

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

property damage caused by oil and gas exploration prior to Placid's 1986 bankruptcy. The bankruptcy court granted Placid's motion for summary judgment, and the district court affirmed. For the following reasons, we AFFIRM.

## I.

Placid is an oil and gas company, and from 1942 until 1956, Placid operated oil wells on property in Louisiana leased from Shelton's predecessor in title. On August 29, 1986, Placid filed for Chapter 11 bankruptcy. Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(3), the bankruptcy court set January 31, 1987 as the Bar Date for filing proofs of claim to Placid's bankruptcy estate. Known creditors were given notice by mail of the Bar Date. Unknown creditors were given notice by publication in the *Wall Street Journal* on January 2, January 9, and January 16 of 1987. On September 30, 1988, Placid obtained a discharge from the bankruptcy court of all claims existing on that date, except those created or assumed by the reorganization plan. The bankruptcy court's order also included any future claims for damages that occurred prior to the discharge.

In 2002, Shelton purchased the property Placid previously leased. Six years later, Shelton brought suit in state court, alleging that Placid caused environmental damage to the property during its 1942 to 1956 leasehold. Placid reopened its Chapter 11 case and filed an adversary proceeding in bankruptcy court to determine the dischargeability of Shelton's claim. Placid then filed a motion for summary judgment. Placid argued that Shelton's predecessor in title, the owners of the property at the time of the bankruptcy proceedings, did not file a proof of claim for any alleged environmental damage to the property during

Placid's leasehold. Thus, Placid argued, Shelton's claim had been discharged by the bankruptcy court's 1988 order. In response to Placid's motion for summary judgment, Shelton argued that its predecessor did not receive adequate notice of Placid's bankruptcy proceeding. Specifically, Shelton argued that its predecessor was a "known creditor," and as such, was entitled to "actual notice," i.e. notice by mail or in person.

On April 10, 2010, the bankruptcy court granted Placid's motion. The district court affirmed.[1] Shelton appeals.

## II.

### A.

A grant of summary judgment is reviewed *de novo*. *In re SeaQuest Diving, LP,* 579 F.3d 411, 417 (5th Cir. 2009) (citing *In re Erlewine,* 349 F.3d 205, 209 (5th Cir. 2003)). Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056 (applying FED. R. CIV .P. 56 to adversary bankruptcy proceedings). As for the district court's determination of whether a party is a known or unknown creditor, this court has determined it "is entirely an issue of fact, and our standard of review is therefore one of clear error." *In re Crystal Oil Co.,* 158 F.3d 291, 298 (5th Cir. 1998).

### B.

To satisfy Fourteenth Amendment due process, notice must be "reasonably calculated, under all the circumstances, to inform interested parties of the

---

[1]For the balance of this opinion, references to the district court's opinion refer also the bankruptcy court's determination.

pendency" of the proceeding. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A claim against a declarant of Chapter 11 bankruptcy is considered a property interest requiring notice to the potential claimant. *In re Kendavis Holding Co.*, 249 F.3d 383, 385–86 (5th Cir. 2001) "The type of notice that is reasonable or adequate for purposes of satisfying the due process requirement in this context depends on whether a particular creditor is known or unknown to the debtor." *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007).

The Supreme Court has explained that known creditors include "both those claimants actually known to the debtor, as well as those whose identities are 'reasonably ascertainable.'" *Crystal Oil Co.*, 158 F.3d at 297 (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor is 'reasonably ascertainable' if it can be discovered through 'reasonably diligent efforts.'" *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4 (1983)). "In order for a claim to be reasonably ascertainable, the debtor must have in his possession, at the very least, some specific information that reasonably suggests both the claim for which the debtor may be liable and the entity to whom he would be liable." *Id.*

"Under the Supreme Court's longstanding jurisprudence, the debtor must provide actual notice–not notice by publication–to all 'known creditors' in order to achieve a legally effective discharge of their claims." *Id.* (quoting *City of New York v. New York, N.H. & H.R. Co.,* 344 U.S. 293, 296 (1953)). For example, the Court has "recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice." *Tulsa*, 485 U.S. at 490.

While actual notice of the Bar Date must be provided to known creditors, constructive notice is constitutionally sufficient for unknown creditors. *J.A. Jones,* 492 F.3d at 249–50. It is well established that notice by publication will generally suffice for constructive notice. *See Chemetron Corp v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995). Furthermore, "[p]ublication in national newspapers is regularly deemed sufficient notice to unknown creditors." *Id.* at 349–50; *see also Mullane*, 339 U.S. at 316–17 (1950) (Notice by publication is sufficient for unknown creditors.).

Shelton argues that their predecessor was a known creditor entitled to actual notice because Placid continued to lease the property until 1964. This is significant for two reasons. First, Shelton claims that a water study published in 1958 showed that the water wells on the property were contaminated due to oil and gas activities. Second, a June 1, 1964 edition of *Oil and Gas Journal* contained an article entitled "Louisiana Battling Brine Pollution" that claims that the Little River, which borders the Shelton property, was being polluted due to unlined oil and gas pits. Therefore, when Placid filed for bankruptcy, Shelton claims, it should have been aware of Shelton's potential property damage claims. Shelton argues that this would make Shelton's predecessor in title a known creditor and thus entitled to actual notice. We disagree.

This court has held that when reviewing a decision for clear error, the judgment "will be reversed only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). The district court's determination was not clearly erroneous because the summary judgment evidence sufficiently establishes that

Shelton's predecessor was an unknown creditor at the time Placid filed for bankruptcy.

Specifically, the record indicates that, at the time Placid filed for bankruptcy, there was no specific information that reasonably suggests that Placid knew of any claims related to property it leased from Shelton's predecessor. *Crystal Oil Co.*, 158 F.3d at 297. The district court correctly relied on the following evidence to support its grant of summary judgment: (1) from 1956 to 1986 (when Placid filed bankruptcy), no environmental complaint was made by Shelton's predecessor in title; (2) affidavits provided by Shelton did not show actual knowledge, asserting that Placid knew of Shelton's potential claim; (3) as Placid had tens of thousands of former leaseholds, it would have taken a "tremendous effort" for Placid to give each actual notice of the bankruptcy, and had no reason to do so; and (4) Shelton's assertion that the environmental damage was easily identifiable is not credible in light of the fact that it took Shelton six years, from when they purchased the property in 2002 until they filed suit in 2008, to notice the damage. In light of this evidence, we agree with the district court that Shelton's predecessor was an unknown creditor.

As an unknown creditor, Shelton was entitled only to notice by publication. *Mullane*, 339 U.S. at 316–17 (1950). Placid notified unknown creditors by publication in the *Wall Street Journal* on three separate occasions. According to Fifth Circuit precedent, notice by publication in the *Wall Street Journal* is sufficient for unknown creditors. *Crystal Oil Co.,* 158 F.3d 291, 298 (5th Cir. 1998). Therefore, Shelton received adequate notice and summary judgment was appropriate.

## III. Conclusion

For the aforementioned reasons, we AFFIRM the district court's judgment.